**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-5235**

─────────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

JASON MICHAEL PARRISH,

　　　　　　　Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:10-cr-00112-WO-1)

─────────

Submitted:  September 6, 2011　　　Decided:  September 13, 2011

─────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Vacated and remanded by unpublished per curiam opinion.

─────────

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Michael Parrish appeals the district court's judgment, challenging his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), asserting that his prior North Carolina convictions were not felonies inasmuch as they were not punishable for a term of imprisonment exceeding one year. The district court denied Parrish's motion to dismiss the indictment, relying on this court's decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Parrish entered a conditional plea of guilty to the § 922(g)(1) charge, and timely appealed.

This court reviews de novo a district court's denial of a motion to dismiss the indictment where denial depends on a question of law. See United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). This appeal turns on § 922(g)(1)'s prohibition of the possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

At the time of Parrish's indictment and conviction, this court determined whether a prior conviction qualified as a felony for purposes of § 922(g)(1) by considering "the maximum aggravated sentence that could be imposed for that crime upon a

2

defendant with the worst possible criminal history." Harp, 406 F.3d at 246. While Parrish's appeal was pending, however, Harp was overruled by our en banc decision in United States v. Simmons, ___ F.3d ___, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc). Simmons held that a prior North Carolina offense was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. Id., at *8; see also N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth North Carolina's structured sentencing scheme). We agree with Parrish that, on the record before us, he was not eligible on his North Carolina convictions to receive a sentence exceeding one year.

Because Simmons directs the conclusion that Parrish was never convicted of a felony punishable by more than one year of incarceration, he cannot be convicted as a felon in possession of a firearm under § 922(g)(1).[*] Accordingly, we vacate the district court's judgment and remand for further proceedings. We dispense with oral argument because the facts

---

[*] We of course do not fault the Government or the district court for their reliance upon unambiguous circuit authority at the time of Parrish's indictment and conviction.

3

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>